NOT RECOMMENDED FOR PUBLICATION
File Name:  05a0802n.06
Filed:  September 26, 2005

No. 04-1606

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

       v.                                On Appeal from the United
                                                 States District Court for the
DIAMOND SHILO CRAFT,                Eastern District of Michigan

    Defendant-Appellant.

_____/

**Before:  GUY, BATCHELDER, and GILMAN, Circuit Judges.**

    **PER CURIAM.**    Defendant Diamond Shilo Craft was convicted by a jury on all counts of a three-count indictment charging him with being a felon in possession of a firearm, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime.  Defendant filed a motion to suppress evidence before trial, which was denied after a hearing.  On appeal, defendant argues that it was error to deny the motion to suppress evidence and that there was insufficient evidence to support the two firearm convictions.  No challenge is made to the conviction for possession of marijuana with intent to distribute.

    Although defendant made a Fed. R. Crim. P. 29 motion for acquittal at the close of

the government's case, he did not renew the motion after calling his own witnesses and at the end of all proofs. This limits our review on the sufficiency of evidence issue to a determination of whether a miscarriage of justice occurred. *United States v. Khalil*, 279 F.3d 358, 368 (6th Cir. 2002). A miscarriage of justice occurs only if the record is "devoid of evidence pointing to guilt." *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998). Applying this standard, we conclude the evidence was sufficient to support the convictions. We also conclude that the motion to suppress was properly denied. Accordingly, we affirm.

## I.

Defendant came to the attention of two Detroit police officers when they observed that the van he was driving was blocking traffic. The van slowed on two occasions so that the defendant, who at one point opened a door on the van, could talk to a female pedestrian. As a result, a vehicle approaching the van from the rear was unable to pass or proceed. The officers, whose car was proceeding in a direction opposite to defendant, pulled up grill-to-grill to defendant's van. At this time the officers observed the defendant lean forward toward the floor of the van. The officers exited their car and asked the defendant for his driver's license. The defendant said he did not have one, at which point the officers ordered him out of the van and placed him under arrest.

When the defendant exited the van, one of the officers observed a bag of marijuana on the driver's side floorboard. Once the marijuana was found, the vehicle had to be impounded under Detroit Police Department procedures and the officers proceeded to conduct an inventory search. Behind the front seat the officers found an open cardboard box containing 200 grams of marijuana in a ziplock bag, a digital scale, a box of plastic sandwich

bags of a type used to distribute drugs, and a loaded Lorcin .380 handgun. A search of the defendant turned up $1,174 in cash.

## II.

**The Motion to Suppress**

In reviewing the denial of a motion to suppress, we review factual findings for clear error and conclusions of law *de novo.* *United States v. Leake*, 998 F.2d 1359, 1362 (6th Cir. 1993). The primary basis of defendant's motion to suppress the evidence found in the van was that the stop of defendant's vehicle was pretextual. There is no dispute that a Michigan statute makes the blocking of vehicular traffic an offense.[1] It is also settled that the subjective motivation of an officer making a traffic stop plays no role in the probable cause Fourth Amendment analysis. *Whren v. United States*, 517 U.S. 806 (1996).

Defendant disputed that he was blocking traffic, and called as a witness the 14-year-old girl who allegedly was the pedestrian to whom defendant was talking. She testified that she did not observe a vehicle being blocked by defendant's van, but she also testified that she did not remember seeing the officers pull up to defendant's vehicle. Both Detroit police officers testified consistently, one with the other, that the van had blocked another vehicle. The trial judge made a specific finding that the demeanor of the defendant's witness as well as her testimony as to what she did and did not see resulted in a lack of credibility. The district judge's decision to credit the testimony of the officers was not erroneous.

## III.

---

[1]The Michigan statute, Mich Comp. Laws § 257.676(b), has been interpreted so that an actual showing of an impediment to traffic is not required. *People v. Salters*, No. 215396, 2001 WL 765852 at *2 (Mich. App. Jan. 26, 2001) (unpublished disposition).

**Sufficiency of the Evidence**

In reviewing the evidence to determine if a miscarriage of justice occurred, we view the evidence, whether circumstantial or direct, in the light most favorable to the government to determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *United States v. Lutz*, 154 F.3d 581, 587 (6th Cir. 1998). In making this determination we do not weigh evidence, make credibility determinations, or substitute our judgment for that of the jury.

**A.       Felon in Possession of a Firearm**

We turn first to the evidence as it relates to the felon in possession of a firearm conviction. In order to convict for this offense,[2] the prosecution must establish that the defendant was previously convicted of a felony punishable by a term of imprisonment of more than one year, that the defendant knowingly possessed the firearm specified in the indictment, and that the firearm specified traveled in or affected interstate commerce. In this case, the only element in dispute is whether the defendant knowingly possessed the firearm.

As a matter of law, possession may be actual or constructive and may be proved by direct or circumstantial evidence. *United States v. Murphy*, 107 F.3d 1199, 1207 (6th Cir. 1997). Constructive possession is established when a person knowingly has the power and intention to exercise dominion and control over an object. *United States v. Frederick*, 406 F.3d 754, 764-65 (6th Cir. 2005). One may possess a firearm regardless of its ownership. *United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir.), *cert. denied*, 125 S. Ct. 510 (2004).

---

[2]18 U.S.C. § 922(g)(1).

Defendant argues that since he did not own the van and his fingerprints were not found on the firearm, there was an insufficient nexus to tie him to that weapon. Although it is true that defendant did not own the van, he was in legal possession of the van and several personal items directly relating to the defendant – including mail, photos, and receipts – were found in the van. No one else was in the van with the defendant, and although the defendant called witnesses in his defense, none claimed ownership or any other connection to the firearm found in the van.

This issue also has to be viewed in context. It is significant to defendant's challenges to the sufficiency of the evidence on the firearms charges that he does not challenge his conviction for possession of marijuana with intent to distribute. Thus, we are faced with a factual scenario in which the defendant is alone in a van containing a significant amount of marijuana belonging to him, as well as other drug paraphernalia, a loaded firearm, and a sizeable amount of cash. From this the jury certainly could have made a rational determination that defendant was in possession of the firearm.

## B.      Possession of a Firearm in Furtherance of Drug Trafficking

The only issue here is whether the firearm was possessed "in furtherance" of drug trafficking. Since the defendant is not challenging his drug conviction, we have the situation where we have a defendant possessing marijuana with intent to distribute and near the marijuana in the van behind the driver's seat is the loaded firearm. It must be found that the firearm "furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence." *United States v Warwick*, 167 F.3d 965, 971 (6th Cir. 1999). The Supreme Court has held that this element is met if the firearm facilitates or has the

potential of facilitating a drug trafficking offense. *Smith v. United States,* 508 U.S. 223, 238 (1993).

When we examine what is necessary to establish that the possession was "in furtherance" of drug trafficking against the backdrop of the facts in this case, we find the relevant factors to be that defendant possessed a significant amount of marijuana for distribution and carried a large amount of cash on his person. The marijuana and the firearm were in close proximity to the defendant in a van that was under the control of the defendant. The defendant was also committing an offense by merely possessing the firearm. This buttresses the conclusion that the loaded firearm was there for a purpose, whether that purpose was for protection or for other contingencies that might arise. In any event, it afforded a sense of security to the defendant sufficient to allow the jury to infer that its presence was "in furtherance" of the drug trafficking.

**AFFIRMED**.