NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0655n.06
Filed: October 31, 2008

Nos. 06-2125, 07-1033

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DIAMOND SHILO CRAFT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| UNITED STATES OF AMERICA, | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE:     KEITH, MERRITT, and GIBBONS, Circuit Judges

**MERRITT, Circuit Judge.**  This is a consolidated appeal concerning Plaintiff Diamond Shilo Craft's attempt to file a habeas petition under 28 U.S.C. § 2255.[1]  At issue is whether Craft's petition qualifies as second or successive under the gatekeeping provisions set out in the Antiterrorism and Effective Death Penalty Act (AEDPA).  The answer turns on whether Craft authorized a previous habeas petition filed by his former trial counsel in the underlying case — a factual question never addressed by the district court and still in dispute.

---

[1]In case number 06-2125, Craft moves this court under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive habeas petition.  In case number 07-1033, the district court refers Craft's habeas petition to this court pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

For the reasons that follow, this case is remanded to the district court with instructions to conduct an evidentiary hearing to determine whether Craft authorized the first habeas petition. If he did, the instant petition is successive and therefore impermissible under AEDPA. If he did not, the instant petition may go forward.

**II.**

In February 2002, Craft was indicted on state gun and drug charges in Wayne County (Mich.) Circuit Court. He was represented in the case by Kevin Hammons. After pretrial negotiations, Craft reached a tentative plea deal with the State for a sentence of two years' imprisonment and three years' probation. Before the plea deal was finalized, however, the charges were referred to the federal prosecutor under the Project Safe Neighborhoods Initiative.[2]

In November 2002, Craft was reindicted on federal gun and drug charges in the United States District Court for the Eastern District of Michigan. Hammons continued to represent Craft in federal court. After a jury trial, Craft was convicted on all counts and later sentenced to thirty years' imprisonment. In July 2004, the district court entered an order granting trial counsel Hammons permission to withdraw from the case and finding that Craft was entitled to the appointment of appellate counsel. Dana Carron was then appointed as appellate counsel, and Craft's direct appeal commenced before this court.

---

[2]Craft was scheduled to plead guilty to the state charges on November 11, 2002, but the hearing was continued by the state court judge (without objection by Hammons) to the following month. In the intervening period, the case was referred to the United States Attorney's Office for the Eastern District of Michigan. The instant habeas petition alleges that, *inter alia*, Hammons rendered ineffective assistance of counsel by not objecting to the continuance and thereby allowing the case to proceed in federal court.

In July 2005, despite his previous withdrawal from the action, Hammons filed a habeas petition on Craft's behalf under 28 U.S.C. § 2255 (the "Hammons Petition"). Craft states that the petition was filed without his knowledge, input, or consent.[3] Hammons claims that he filed the petition at Craft's behest.[4]

When filed, the Hammons Petition was not yet ripe because of the pending appeal, and the district court accordingly delayed addressing it. In September 2005, this court upheld Craft's conviction and sentence on direct appeal. *United States v. Craft*, 150 Fed. App'x 413 (6th Cir. 2005). Shortly thereafter, in November 2005, the district court denied the Hammons Petition on the merits, without addressing Hammons's authority (or lack thereof) to file the petition on Craft's behalf. *Craft v. United States*, 2005 WL 3143267 (E.D. Mich. Nov. 22, 2005). Craft asserts that the state's responses to the Hammons Petition and court entries related to it were sent to Hammons only, such that Craft did not learn of the petition until receiving a copy of the final court order denying it.

On September 25, 2006, Craft filed a *pro se* motion in this court under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive habeas petition (Case No. 06-2125). On October 5, 2006, Craft filed a timely *pro se* habeas petition under 28 U.S.C. § 2255 in the district court (the "Craft Petition"). In December 2006, the district court transferred the Craft

---

[3]Craft suggests that Hammons's motive in filing the petition may have been to prevent him from later alleging ineffective assistance of counsel by purposefully neglecting to raise it in the Hammons Petition.

[4]Although Hammons no longer represented Craft in this particular case at the time he filed the Hammons Petititon, he still represented Craft in an unrelated federal case also pending in the United States District Court for the Eastern District of Michigan.

Petition to this court upon finding that it was second or successive (Case No. 07-1033). *See In re Sims*, 111 F.3d at 47 (when second or successive § 2255 motion is filed in district court without appellate authorization, motion shall be transferred to court of appeals).

**III.**

Hammons alleges that Craft instructed him to file a habeas petition. *See* Hammons Aff. at 6-8. Craft responds that he did not. *See* Mot. to Vacate, Set Aside or Correct a Sentence and Conviction Pursuant to 28 U.S.C. § 2255, J.A. at 143.

At oral argument, the parties agreed that the factual dispute about authorization was not addressed by the district court and, moreover, that this question controls whether the instant petition is successive under AEDPA. Recognizing that this court may not resolve such a factual dispute, the parties further conceded that the question must be resolved by the district court following an evidentiary hearing. Therefore, this case is remanded to the district court with instructions that it conduct an evidentiary hearing to determine whether Craft authorized the Hammons Petition. If he did, the instant petition must be dismissed as successive. If he did not, the instant petition is not successive and the district court must address it on the merits.

Accordingly, it is so ordered.