ROGERS, Circuit Judge.
Over fourteen years ago, Armando Albo pled guilty in federal court to possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). While a violation of § 841(a)(1) typically carries a mandatory minimum of 10 years’ imprisonment, the district court sentenced Albo to 20 years’ imprisonment, pursuant to *492 § 841(b)(1)(A), because he had a prior drug conviction. Albo did not appeal his sentence. Instead, he filed a pro se 28 U.S.C. § 2255 motion and argued, among other things, that his prior drug conviction should not have been used to enhance his sentence. The district court rejected that argument, denied Albo’s § 2255 motion, and denied Albo a certificate of appealability. This court also denied Albo a certificate of appealability. Years later, Albo filed a pro se Rule 60(b) motion, asking the district court to reconsider its denial of his § 2255 motion and arguing, once again, that his prior drug conviction should not have been used to enhance his sentence. Without holding a hearing, the district court denied that motion on its merits. Albo now appeals and argues that the district court erred by denying his Rule 60(b) motion without first holding a hearing to determine whether his sentence was properly enhanced.
Albo’s appeal lacks merit. First, because Albo’s Rule 60(b) motion attacks the district court’s resolution of his previous § 2255 motion, it is a second or successive § 2255 motion and the district court should have transferred the case to this court. Treating his appeal as a motion for permission to file a second or successive § 2255 motion, we deny it because it does not meet the statutory criteria for granting such a motion. Second, even if Albo’s Rule 60(b) motion was not an impermissible second or successive § 2255 motion, his appeal is still patently without merit. The district court was not required to hold a hearing in order to rule on Albo’s motion to reconsider. Moreover, such a hearing would not have been helpful in this case because it is clear that Albo’s prior drug conviction was properly used to enhance his sentence.
I.
In September 1997, Lexington police officers stopped Albo for speeding on Interstate 75. The officers asked Albo if they could search his car and Albo consented. The officers found approximately 7,000 grams of cocaine in a suitcase in the trunk and arrested Albo.
In October 1997, a federal grand jury indicted Albo, charging him with possessing over 5,000 grams of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). App’x 1 at 12. Pursuant to § 841(b)(1)(A), this crime carries a mandatory minimum of 10 years’ imprisonment. However, § 841(b)(1)(A) increases the mandatory minimum to 20 years’ imprisonment if the defendant was previously convicted of one “felony drug offense,” and life imprisonment if the defendant was previously convicted of two or more “felony drug offense[s].” A “felony drug offense” is defined as “an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.” 21 U.S.C. § 802(44).
In November 1997, the Government filed a “Notice of Information Pursuant to 21 U.S.C. § 851,” notifying Albo that, in the event of a conviction, the Government intended to seek an enhanced sentence based on Albo’s two prior convictions in Florida. App’x 1 at 16. According to the Government’s filing, Albo was convicted on May 20, 1992 of possessing cocaine in violation of Fla. Stat. § 893.13(l)(f) and selling, purchasing, or delivering cocaine in violation of Fla. Stat. § 893.13(l)(a) and was sentenced to four and one-half years’ imprisonment. Id. The Government also stated that Albo was convicted on March 16, 1995 of possessing cocaine in violation of Fla. Stat. § 893.13(6)(a) and was sen *493 tenced to seven days’ imprisonment. Id. Albo did not file a written response to the Government’s Notice of Information.
In December 1997, Albo agreed to plead guilty to violating § 841(a)(1). At Albo’s rearraignment, the district court brought up the issue of his two prior state court convictions and Albo appeared to take some exception to these convictions being used to enhance his sentence. App’x 3 at 270-88. With respect to Albo’s 1995 conviction, his attorney said that “we checked and believe that to be a misdemeanor, which would not count in the enhancement.” Id. at 277. And with respect to Albo’s 1992 conviction, his attorney stated vaguely that
[Albo] did not have the benefit of what he’s gotten here, and he has asked me to attempt to challenge that between today’s guilty plea and the sentencing. It is not in any way a denial of guilt here, but because a prior offense may enhance his penalty, he has directed me to bring it to your attention and perhaps improper procedures have been applied to him and may be improper in the application. So it’s not a denial of guilt.
Id. at 280. Nevertheless, Albo acknowledged that if he had previously been convicted of one prior felony drug offense, he was facing a mandatory minimum of 20 years’ imprisonment, and if he had previously been convicted of two or more prior felony drug offenses, he was facing a mandatory minimum of life imprisonment. Id. at 281. Albo then pled guilty and provided a factual basis to support his plea. Id. at 282-85. The district court accepted Albo’s guilty plea. Id. at 285.
In February 1998, the Government amended its “Notice of Information Pursuant to 21 U.S.C. § 851” and stated that it would no longer rely on Albo’s 1995 Florida conviction as a basis for enhancing his sentence. App’x 1 at 58. The Government, however, maintained its reliance on Albo’s 1992 Florida conviction, stating that “any mandatory minimum sentence [should] be enhanced on the basis of one prior felony drug conviction instead of two prior felony drug convictions.” Id. Albo did not object or otherwise respond to the Government’s amended Notice of Information.
The probation office prepared a Presen-tence Report (PSR). The PSR discussed Albo’s offense conduct and stated that Albo was facing a mandatory minimum of 20 years’ imprisonment, pursuant to § 841(b)(1)(A), because of his 1992 Florida conviction for a felony drug offense.
In March 1998, the district court held a sentencing hearing. App’x 3 at 289. Albo’s attorney stated that he and Albo had an opportunity to review the PSR, which was translated into Spanish for Albo, and they had no objections, corrections, or amendments to the PSR. Id. at 290-91. The district court then discussed the applicable sentence, noting that “here we have a mandatory sentence of not less than 20 years, nor more than life, because of the prior conviction.” Id. at 291. Albo’s attorney agreed that the sentence calculations were correct. Id. at 291-92. The district court then sentenced Albo to 20 years’ imprisonment and asked the parties if there was any legal objection to the sentence as stated. Id. at 296. Albo’s attorney said that there was not. Id. The district court clerk then advised Albo of his right to appeal. Id. at 297. Albo, however, did not appeal.
Instead, in March 1999, Albo filed a pro se motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence or, alternatively, for leave to file an untimely appeal. App’x 1 at 74. While briefing the various issues raised in his § 2255 motion, Albo argued that his 1992 Florida conviction should not have been used to *494 enhance his sentence because he was only convicted at that time of possessing cocaine and was not also convicted of selling, purchasing, or delivering cocaine, as was initially stated in the state court’s judgment. Id. at 108-09. Albo noted that, since his federal sentencing hearing, the Florida state court corrected its judgment to reflect the fact that Albo only pled guilty in 1992 to one count of possessing cocaine. App’x 2 at 187-92 (citing Exh. A at 194). Albo argued that this conviction for possession was a misdemeanor and not a felony and, therefore, could not be used to enhance his federal sentence. Id. at 187-92.
The district court referred Albo’s § 2255 motion to a magistrate judge who recommended that the district court deny the motion. App’x 1 at 134^44. With respect to the sentence enhancement issue, the magistrate judge found that Albo was properly sentenced to 20 years’ imprisonment under § 841(b)(1)(A) because his 1992 conviction for possessing cocaine was itself a prior felony drug offense. Id. at 138, 140. The district court adopted the magistrate judge’s findings and denied Albo’s § 2255 motion. App’x 2 at 206-08. The district court refused to issue Albo a certifícate of appealability, finding that he failed to make a substantial showing that he was denied a constitutional right. Id. at 204. In April 2002, this court also denied Albo a certificate of appealability. Id. at 214.
Over seven years later, in May 2009, Albo filed a pro se Rule 60(b) motion, asking the district court to reconsider its denial of his § 2255 motion. App’x 2 at 218-21. Albo acknowledged that he filed his Rule 60(b) motion in order to challenge the district court’s “determination and ruling on his § 2255” motion. App’x 3 at 308. Albo repeatedly referred to his 1992 Florida conviction as an “illegal ruling” and argued that it should not have been used to enhance his sentence because it was only a conviction for possessing cocaine. App’x 2 at 218-21; App’x 3 at 307-09. While Albo conceded that the conviction was a third-degree felony, he attached his correspondence with the Florida state court and asked the district court to “be just and proper in this matter.” App’x 2 at 220-21.
Without determining whether Albo’s Rule 60(b) motion was even permissible, and without holding a hearing, the district court denied the motion on its merits. R. 91. The district court held that Albo’s 1992 “conviction for possession was a proper basis for an enhancement even without the sale conviction because possession is classified as a Class 3 felony. Thus the ‘correction’ to the Dade County conviction does not affect Albo’s sentence in this case.” Id. at 2-3. The district court then denied Albo a certificate of appealability. R. 93.
Albo appealed the district court’s order denying his Rule 60(b) motion. R. 92. In his notice of appeal, Albo again argued that his 1992 Florida conviction should not have been used to enhance his sentence because that conviction was only for “simple possession.” Id. This court construed Albo’s notice of appeal as an application for a certificate of appealability and granted that application. R. 94.
II.
Because Albo’s Rule 60(b) motion attacks the district court’s resolution of his previous § 2255 motion, it is a second or successive § 2255 motion. While briefing his original § 2255 motion, Albo argued, among other things, that his 1992 Florida conviction should not have been used to enhance his sentence because he was only convicted at that time of possessing cocaine. The district court rejected that ar *495 gument and denied Albo’s § 2255 motion. Nevertheless, years later, Albo filed a Rule 60(b) motion, asking the district court to reconsider its denial of his § 2255 motion. Albo acknowledged that he filed his Rule 60(b) motion in order to challenge the district court’s ruling on his § 2255 motion and argued, once again, that his 1992 Florida conviction should not have been used to enhance his sentence because it was only a conviction for possessing cocaine. Simply put, Albo’s Rule 60(b) motion was nothing more than an attack on the district court’s earlier resolution of the enhancement issue. And where a Rule 60(b) motion presents an attack on an earlier decision on the merits, it is properly considered a second or successive habeas motion. Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).
Albo maintains that his Rule 60(b) motion does not seek a reevaluation of the district court’s decision on the enhancement issue. Instead, Albo asserts that the motion attacks the integrity of the proceedings below because the district court did not hold a hearing before determining that his sentence was properly enhanced. Albo relies on the Supreme Court’s decision in Gonzalez, where the Court said that a motion pursuant to Rule 60(b) is an appropriate avenue for relief and is not a second or successive habeas petition if it “attacks, not the substance of the federal court’s resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.” [1] Gonzalez, 545 U.S. at 532, 125 S.Ct. 2641. But Albo’s Rule 60(b) motion did not simply request a hearing or merely object to the procedures used by the district court. Rather, Albo’s motion directly challenged the merits of the district court’s ruling on the enhancement issue. Indeed, Albo acknowledged this fact in his reply to the Government’s response to his Rule 60(b) motion, saying:
Petitioner now files a Rule 60(b) challenging the determination made by the Honorable Court in his § 2255. By clear indication of the evidence supporting his Rule 60(b) motion, the Dade County Court of Florida ruled the prior conviction as a simple possession charge, which is not a qualifying prior conviction for 21 U.S.C. § 851 notice of enhancement.
Therefore, the Petitioner challenges this Honorable Court’s determination and ruling on his § 2255, not as the Government’s position asserts, i.e. that Petitioner is attacking his Criminal Conviction and not a Civil matter determination. Petitioner disagrees with the Government’s position.
App’x 3 at 308. Accordingly, Albo’s argument that his Rule 60(b) motion is not a second or successive habeas petition is unavailing.
Since Albo’s Rule 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to this court for certification. In re Sims, 111 F.3d 45, 47 (6th Cir.1997). Treating the appeal as a request for certification, we deny it. This court cannot grant permission to file a second § 2255 motion absent a prima facie showing that (1) there is newly discovered evidence which clearly and convincingly exonerates the movant; or (2) the claim relies on a new and previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2255. Because Albo *496 meets neither of these requirements, he is not entitled to file a second § 2255 motion.
Moreover, even if Albo’s Rule 60(b) motion was not an impermissible second or successive § 2255 motion, his appeal is still patently without merit. Albo’s only argument is that the district court erred by denying his motion to reconsider without first holding a hearing to determine whether his sentence was properly enhanced. The district court, however, was not required to hold such a hearing in order to rule on Albo’s motion to reconsider. Although Albo claims that 21 U.S.C. § 851 required the district court to hold such a hearing, that statute sets forth the proceedings which must occur before sentencing in order to establish a prior conviction for enhancement purposes. See 21 U.S.C. § 851. Section 851 does not require a district court to hold a hearing when ruling on either a § 2255 motion or a motion to reconsider simply because the motion challenges the status of a prior conviction as a felony drug offense. In short, Albo’s argument that he was entitled to a hearing is without merit.
Also, a hearing would not have been helpful in this case because it is clear that Albo’s 1992 Florida conviction for possessing cocaine was properly used to enhance his sentence. Once again, while a violation of § 841(a)(1) typically carries a mandatory minimum of 10 years’ imprisonment, § 841(b)(1)(A) increases the mandatory minimum to 20 years’ imprisonment if the defendant was previously convicted of one “felony drug offense.” A “felony drug offense” is defined as “an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.” 21 U.S.C. § 802(44) (emphasis added). Here, Albo concedes that he was convicted of possessing cocaine and that this crime is a felony of the third degree. See Fla. Stat. § 893.13(6)(a).[2] Under Florida law, felonies of the third degree are punishable “by a term of imprisonment not exceeding 5 years.” Fla. Stat. § 775.082(3)(d). Thus, Albo’s conviction for possessing cocaine clearly qualifies as a prior felony drug offense for enhancement purposes. Understandably, the district court saw no need to hold a hearing in order to find that Albo’s Rule 60(b) motion lacked merit.
Albo argues that it is not clear that his 1992 Florida conviction for possessing cocaine was punishable by more than one year in prison. Albo claims that in order to make such a finding, the district court would need to evaluate Florida’s sentencing guidelines. But the mere possibility that Albo might have been sentenced to less than one year in prison under Florida’ sentencing guidelines is irrelevant. Albo’s conviction for possessing cocaine was clearly punishable by more than one year in prison and that is what matters when determining whether a conviction qualifies as a prior felony drug offense for enhancement purposes. See United States v. Lockett, 359 Fed.Appx. 598, 602 (6th Cir.2009); United States v. Jemison, 310 Fed.Appx. 866, 880 (6th Cir.2009).
Albo’s citation of United States v. Pruitt, 545 F.3d 416 (6th Cir.2008), does not advance his argument. In Pruitt, the defendant pled guilty to being a felon in possession of a firearm and manufacturing marijuana. Pruitt, 545 at 417. The dis *497 trict court sentenced the defendant as a career offender under the federal sentencing guidelines because he had two prior drug convictions in North Carolina. Id. Although the defendant was sentenced to less than one year in prison for each of these prior convictions, the district court found that these convictions still qualified as predicate offenses under the career offender guideline because the relevant North Carolina sentencing statute authorized a sentence of up to 15 months’ imprisonment for each conviction. Id. at 418. This court vacated the defendant’s sentence, however, because under North Carolina’s unique structured sentencing scheme, the maximum sentence that the defendant could have received for each of his prior convictions was not simply 15 months’ imprisonment, but instead depended on his prior record level — a factor that the district court found to be irrelevant. Id. at 419.
This case is easily distinguished from Pruitt because it does not involve a statute similar to the North Carolina statute at issue in that case. Here, Albo was previously convicted of possessing cocaine, a felony of the third degree punishable “by a term of imprisonment not exceeding 5 years.” Fla. Stat. §§ 893.13(6)(a); 775.082(3)(d). The maximum sentence Albo was facing for that crime did not depend on his prior record or any other factor. Therefore, Albo’s reliance on Pruitt is misplaced and his suggestion that his sentence may have been wrongfully enhanced is without merit.
III.
For the foregoing reasons, we affirm the judgment of the district court.

. Although the Court in Gonzalez limited its holding to petitions under 28 U.S.C. § 2254, this court in In re Nailor, 487 F.3d 1018, 1022-23 (6th Cir.2007), held that the Court's rationale applied to motions made pursuant to § 2255.

. Albo was convicted in 1992 of violating Fla. Stat. § 893.13(l)(f), but this statute has since been renumbered as § 893.13(6)(a).