**In re Jonathan SIMS, Petitioner–Appellant.**

**Janice V. Terbush, Respondent–Appellee.**

**No. 97–0110.**

United States Court of Appeals, Sixth Circuit.

Submitted March 17, 1997.

Decided April 15, 1997.

Jonathan Simms, Morgantown, WV, pro se.

Janice V. Terbush, Office of the U.S. Attorney, Detroit, MI, pro se.

Before: KEITH, MERRITT, and CONTIE, Circuit Judges.

PER CURIAM.

On July 15, 1996, Jonathan Sims filed a second motion to vacate his sentence under 28 U.S.C. § 2255. The district court, noting that Sims failed to obtain authorization to file his second § 2255 motion as required by 28 U.S.C. § 2244(b)(3), transferred the motion to this court pursuant to 28 U.S.C. § 1631. After his § 2255 motion was transferred, Sims filed a separate request under Sixth Circuit Rule 33 and § 2244(b)(3) seeking permission to file his second § 2255 motion in the district court.

Under § 2244(b)(3), state prisoners seeking to file a second or successive request for a writ of habeas corpus and federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request. The United States Supreme Court addressed the implications of this procedure in *Felker v. Turpin,* — U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). The Court stated:

> The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b). The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners. But we have long recognized that "the power to award the writ by any of the courts of the United States, must be given by written law," *Ex parte Bollman,* 4 Cranch 75, 94, 2 L.Ed. 554 (1807), and we have likewise recognized that judgments about the proper scope of the writ are "normally for Congress to make." *Lonchar v. Thomas,* 517 U.S. ——, ——, 116 S.Ct. 1293, 1298, 134 L.Ed.2d 440 (1996).
>
> The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *Id.,* at 489, 111 S.Ct., at 1467. The added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a "suspension" of the writ contrary to Article I, § 9.

*Id.* at ——, 116 S.Ct. at 2340.

Although most prisoners desiring to file a second or successive request for relief are complying with the mandate of the § 2244(b)(3) by seeking permission from this

court, numerous other state and federal prisoners are requesting permission from the district courts. Still others, like Sims, directly file with the district court the second or successive habeas corpus petition or § 2255 motion, entirely ignoring the permission requirement of § 2244(b)(3). The district courts in this circuit are not handling the processing of these cases in the same way. Some district judges, aware that second or successive requests require permission from this court or that permission requests are exclusively the responsibility of the court of appeals, dismiss the cases for lack of jurisdiction. Prisoners then file a notice of appeal from this dismissal. By contrast, some district judges are ordering the § 2244(b)(3) motion transferred to the court of appeals. Still other district judges construe the second or successive petition or § 2255 motion as a motion under § 2244(b)(3) and transfer the document to this court.

In facing this problem, the Second Circuit held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631, as was done in this case." *Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996) (per curiam).

■ The Second Circuit's view is persuasive. Thus, we hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631. The § 2244(b)(3) motion to file the second or successive petition or § 2255 motion will be deemed filed, for purposes of the one-year limitation periods established by § 2244(d) and § 2255, on the date that the § 2244(b)(3) motion is given to prison authorities for mailing and the prisoner has satisfied the verification requirements of Fed. R.App. P. 25(a)(2)(C). *See Houston v. Lack,* 487 U.S.

266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988).

Upon reviewing the merits of Sims's motion to file a second § 2255 motion in the district court, we conclude that Sims has not satisfied the requirements of the statute. To obtain our permission, Sims must prove the existence of: 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Sims guilty; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

■ In his second § 2255 motion, Sims challenges his sentence under the Sentencing Guidelines. He also argues that the decision of *United States v. James,* 78 F.3d 851 (3d Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 128, 136 L.Ed.2d 77 (1996) and a 1993 amendment to USSG § 2D1.1(c) should be retroactively applied to his case. The *James* decision simply adopted the Eleventh Circuit's opinion of *United States v. Munoz–Realpe,* 21 F.3d 375 (11th Cir.1994). Sims's USSG § 2D1.1 argument concerns a change in the definition of cocaine base. Because both the *Munoz–Realpe* decision and the Sentencing Guideline amendment existed prior to the 1995 denial of Sims's first § 2255 motion, Sims is not entitled to file a second § 2255.

Section 2255 states that "[a] second or successive motion must be certified as provided in section 2244...." According to § 2244(b)(3), this court must proceed as follows:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.[1]

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

In the present case, because Sims has failed to establish that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review, his application must fail.[2]

---

1. Pursuant to the adoption of an unanimous motion at the court meeting of October 25, 1996, it is the policy of this court that, in regard to 28 U.S.C. § 2244(b)(3)(D), applications for authorization to file second or successive petitions in the district court will be handled as follows: (1) a response to the application will be requested; (2) a staff attorney memorandum and proposed order will be submitted to the next motions panel; and (3) the thirty-day clock will start running when the matter is submitted to the motions panel.

2. In the event that this court were to grant an authorization to file a successive petition or § 2255 motion in district court based on a prima facie showing of newly discovered evidence that, *if proven*, would be able to establish by clear and convincing evidence that no reason-

able factfinder would find the defendant guilty, we would authorize the filing of the successive petition or § 2255 motion in the district court. The district court would make factual determinations regarding the "newly discovered evidence" and a decision on the merits. Our initial order, authorizing a district court to consider a successive petition for a writ of habeas corpus or § 2255 motion, is based only on a prima facie showing that the requirements of the statute have been met and does not indicate whether or not the claims are meritorious. If the district court's decision on the merits is then appealed to this court, we will review the factual determinations of the district court under a clearly erroneous standard and the conclusions of law de novo.