**In re: Patrick GRAY, Movant.**

No. 98–0175.

United States Court of Appeals, Sixth Circuit.

Dec. 21, 1998.

Patrick Gray, Federal Prison Camp, Maxwell Airforce Base, Montgomery, AL, for Movant.

Mr. Karl R. Overman, Asst. U.S. Attorney, Office of the U.S. Attorney, Detroit, MI, for Respondent.

Before: NELSON, SILER, and DAUGHTREY, Circuit Judges.

### ORDER

Patrick Gray moves this court, pursuant to 28 U.S.C. §§ 2244 and 2255, for an order authorizing a United States district court to

consider a second application for relief under 28 U.S.C. § 2255. The motion will be denied.

On March 2, 1994, Mr. Gray was indicted in the Eastern District of Michigan on a charge of conspiracy to possess cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 846. The case went to trial, and the jury returned a verdict of guilty. On February 6, 1995, the district court sentenced Gray to 120 months in prison. This court affirmed the conviction and sentence on appeal. *United States v. Gray,* Nos. 95–1197, 95–1198, 1996 WL 294455, 87 F.3d 1315 (6th Cir. June 3, 1996).

On September 20, 1996—after the effective date of the Antiterrorism and Effective Death Penalty Act (April 24, 1996)—Mr. Gray filed a motion to vacate his conviction under 28 U.S.C. § 2255. The district court denied the motion on November 11, 1996; it also denied an application for a certificate of appealability. This court likewise denied an application for a certificate of appealability.

In his present motion, filed in this court on August 17, 1998, Mr. Gray argues that the method of selecting grand jurors and petit jurors in the Eastern District of Michigan violated his due process rights. See *United States v. Ovalle,* 136 F.3d 1092, 1107 (6th Cir.1998), where we held that the selection procedures used in that district ran afoul of both the Jury Selection and Service Act, 28 U.S.C. §§ 1861, *et seq.,* and the equal protection component of the Fifth Amendment's Due Process Clause. Gray further argues that the issue has not been waived, neither he nor his counsel having been aware of the administrative order. (No. 92–AO–080, dated November 17, 1992) that prescribed the procedures held invalid in *Ovalle.* Finally, Gray argues that he received ineffective assistance of counsel.

Under statutory amendments adopted by the Antiterrorism and Effective Death Penalty Act, a federal prisoner cannot file a second or successive § 2255 motion in a federal district court unless the prisoner first obtains permission to do so from a court of appeals. The appellate court may not grant such permission absent (among other things) a showing that: (1) there is newly discovered evidence which clearly and convincingly ex-

onerates the movant; or (2) the claim relies on a new and previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2255.

Mr. Gray has not met either criterion. *Ovalle* is a Sixth Circuit case, not a United States Supreme Court case, and no court has made *Ovalle* applicable retroactively to cases on collateral review in any event. See *In re Sims,* 111 F.3d 45, 48 (6th Cir. 1997). Gray did not object to the composition of either the grand jury or the petit jury before trial or sentencing, and he has waived any challenge to the method used in selecting the jurors. See *Ovalle,* 136 F.3d at 1108–09. Gray's claim of ineffective assistance of counsel does not rest upon newly discovered evidence or a previously unknown rule of constitutional law, and there is no claim of newly discovered evidence that would have precluded a reasonable factfinder from convicting Gray of the underlying offense.

Accordingly, Mr. Gray's motion for permission to file a second or successive § 2255 motion is **DENIED**.