**Michael Turner WHITE, Petitioner–Appellant,**

v.

**Harold E. CARTER, Warden, et al., Respondents–Appellees.**

No. 00–3636.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

Michael Turner White appeals a district court order that denied his motion seeking reinstatement of his writ of habeas corpus, which was filed by White after the district court transferred the case to the Sixth Circuit pursuant to *In re Sims,* 111 F.3d 45 (6th Cir.1997). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1983, White was convicted of aggravated burglary, two counts of aggravated robbery, and one count of felonious assault. Each count contained a firearm specification. The trial court sentenced White to fifteen to twenty-five years of imprisonment on each count of burglary and assault, to be served consecutively. In addition, the trial court sentenced White to three years of imprisonment on each firearm specification to be served consecutively, and prior to and consecutive to the burglary and assault sentences.

White has petitioned for habeas relief on two prior occasions. The first habeas corpus petition was dismissed as meritless. The second petition was dismissed without prejudice for failure to exhaust available state court remedies. In light of the judgment on the merits of White's previous habeas petition, the district court transferred White's immediate petition to this court, and on March 9, 2000, this court issued an order denying White permission to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(2). *See In re: Michael White,* No. 99–3964 (6th Cir. Mar. 9, 2000). On April 3, 2000, apparently as a response to this court's judgment, the district court entered a minor housekeeping order that denied White's outstanding motions for reconsideration and for reinstatement of his petition for writ of habeas corpus. It is from that order that White appeals.

Initially, we note that only the issues regarding the district court's April 3, 2000 order are properly before this court on appeal. While White attempts to raise a multitude of issues on appeal, a panel of this court has already dismissed the appeal as it pertained to the district court's July 27, 1999 decision, and the panel determined that only issues regarding the April 3, 2000 order are before the court on appeal.

Upon review, we conclude that no issues exist regarding the district court's April 3, 2000 order. A district court is not authorized to consider a second or successive petition for writ of habeas corpus, when the first habeas petition is decided on the merits, unless this court grants the petitioner leave to file the second or successive petition. *See* 28 U.S.C. § 2244(b)(3). In this case, White was not granted leave to file the second or successive petition. Thus, there is no issue regarding the district court's April 3, 2000 order, because White seeks reinstatement of his prohibit-

ed petition for habeas corpus, and such relief does not exist.

Accordingly, we hereby grant White's motion for leave to proceed in forma pauperis for the limited purpose of this appeal, deny White's remaining motions, and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.