**Bondary MCCALL, Petitioner–Appellant,**

v.

**UNITED STATES of America Respondent–Appellee.**

No. 01–3188.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

*ORDER*

Bondary McCall, a pro se federal prisoner, appeals a district court order dismissing his motion for a new trial construed as being brought under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted McCall of multiple drug offenses. McCall was sentenced to 365 months in prison, five years supervised release, and $10,800 in fines and assessments. The conviction was affirmed by this court on February 21, 1996. On May 16, 1997, McCall filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In 1999, the district court dismissed McCall's § 2255 motion and this court affirmed the dismissal on October 20, 2000.

On October 27, 2000, McCall filed a motion for a new trial based on newly discovered evidence. The district court denied the motion as meritless. In his timely

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

appeal, McCall's cryptic brief states that the district court erred by not applying the decision of *United States v. Singleton,* 165 F.3d 1297 (10th Cir.1999), to his case. Further, the district court should have conducted an evidentiary hearing and this court should determine whether a motion under Fed. R. Crim P. 35(b) can be filed beyond the one-year restriction found in the rule.

McCall filed a motion with the district court seeking a new trial based on newly discovered evidence and prosecutorial misconduct. He does not state under what authority he made his motion. McCall's motion is, in fact, a second motion to vacate under § 2255. As a second § 2255 request, McCall's motion should have been transferred to this court for review. *In re Sims,* 111 F.3d 45, 46–48 (6th Cir.1997).

An appellate court may grant an applicant permission to file a second or successive motion to vacate under § 2255 only if the court can certify that: 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no and reasonable factfinder would have found the movant guilty of the offense; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

McCall's motion is based on a claim that incentives were given by the United States to a Jeremy Inglesi. According to McCall, Inglesi was married to a woman who cooperated with federal agents in their investigation of McCall. Inglesi was facing criminal charges and the United States apparently advised the prosecutors in his case that they were appreciative of Inglesi's willingness to persuade his wife to cooperate in the McCall investigation.

However, this evidence is not new as defense counsel was provided with this information and used this evidence during cross-examination. As the evidence is not new, nor does it establish by clear and convincing evidence that no reasonable factfinder would have found McCall not guilty, McCall's motion does not satisfy the requirements of § 2255.

As for McCall's remaining arguments, the district court was not required to conduct an evidentiary hearing as the motion was not properly before it. Further, McCall's request for an opinion concerning Rule 35 is not properly before this court as the rule does not apply to McCall's case.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.