**David CASEY, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden, Respondent–Appellee.**

**No. 01–2236.**

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.[*]

This is an appeal from a district court judgment denying a motion for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

David Casey was convicted in 1998 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). A panel of this court affirmed Casey's conviction and ninety-two month sentence on direct appeal. *United States v. Casey*, No. 99–1585, 2000 WL 1721055 (6th Cir. Nov.6, 2000)

(per curiam). Casey subsequently mounted his first collateral challenge to his conviction under 28 U.S.C. § 2255. The district court denied the relief sought and Casey could not obtain permission from either the district court or the Sixth Circuit to take a direct appeal from this judgment. In 2001, Casey filed a petition for habeas corpus relief under § 2241 in which he challenged his conviction on the identical ground raised in his unsuccessful § 2255 motion. The district court denied the relief sought in the § 2241 motion and transferred to this court any portion of Casey's action that could be construed as a motion seeking permission to file a second motion to vacate sentence under § 2255. This appeal followed. The parties have briefed the issues; Casey is proceeding without benefit of counsel.

This appeal presents three distinct issues for consideration. First, the court must review the merits of the decision to deny the request for relief under § 2241 as originally styled. This court reviews de novo a district court's order denying a petition for a writ of habeas corpus filed under § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). In addition, this court must decide whether the district court properly construed the remainder of Casey's motion as the functional equivalent of an unauthorized successive § 2255 motion and thus correctly referred to this court the question of whether Casey should be given permission to file another § 2255 motion. *See In re Sims*, 111 F.3d 45 (6th Cir.1997) (per curiam). Finally, this court must decide whether Casey should be given permission to file a second motion to vacate his sentence.

[*] The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Casey was indicted on four counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), after law enforcement agents discovered two firearms at Casey's place of employment and two more at his residence. Section 922(g)(1) prohibits firearm possession by convicted felons who have not had their right to carry firearms restored in some fashion. The parties entered into a stipulation prior to trial with respect to the predicate felonies.

> The government and David J. Casey hereby stipulate and agree that prior to February 26, 1998, Casey had been convicted of a felony (that is, a crime with a possible punishment of more than one year in prison), knew that he had been convicted of a felony, and that the government can prove this beyond a reasonable doubt. The parties also agree that prior felony conviction has not been expunged or set aside and that the defendant did not receive a pardon or a restoration of civil rights.

The jury found Casey guilty of one of the four charges and the matter proceeded to sentencing. At sentencing, neither Casey nor his counsel registered any objection to the criminal history portion of the pre-sentence report in which it was noted that Casey had at least *seven* previous felony convictions. Casey's conviction was affirmed on direct appeal.

Casey subsequently filed a motion to vacate sentence under § 2255 in which he contended that his civil rights had been restored for each of the two predicate felonies alluded to in the indictment underlying his felon/firearm conviction. The district court analyzed Casey's arguments and concluded that, in fact, Casey had not had his civil rights restored for § 922(g)(1) purposes in either conviction.

In 2001, Casey filed a collateral attack upon his felon/firearm conviction in a motion styled as a 28 U.S.C. § 2241 petition for a writ of habeas corpus. Casey raises in this petition the identical arguments set forth in his unsuccessful § 2255 motion to vacate sentence, namely, that his civil rights had been restored for what he regards as the only two predicate felonies. In addition, Casey raises an ex post facto argument directed to Michigan law and contends that 18 U.S.C. § 922(g)(1) is unconstitutional as lacking an interstate nexus under the Commerce Clause.

The district court initially concluded that Casey's § 2241 motion was a collateral challenge to his conviction and, therefore, it was incumbent upon Casey to proceed under § 2255 unless he could demonstrate that his remedies under § 2255 were inadequate or ineffective to test the legality of the detention. The court found that Casey had not satisfied this burden and dismissed the action insofar as it purported to be filed on the authority of § 2241. The court concluded that Casey's only avenue for the relief sought was a motion to vacate sentence under § 2255 and noted that, as Casey had already mounted one (unsuccessful) challenge to his conviction under § 2255, he would need permission from the Sixth Circuit before he could file another. Casey had not obtained such permission, so the district court followed this court's mandate in *In re Sims,* 111 F.3d 45 (6th Cir.1997) (per curiam), and referred the action to the Sixth Circuit as a motion for an order authorizing the filing of a second motion to vacate sentence. On appeal, Casey takes issue with each of the district court's actions as described.

■ The district court's decision to deny Casey relief under § 2241 is supported by the record and law. A federal prisoner may challenge the legality of his conviction and sentence under § 2241, instead of § 2255, only in the exceptional circumstance presented when he can establish

that his remedy under § 2255 is adequate or ineffective. *See* 28 U.S.C. § 2255 (fifth paragraph, last clause); *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999). The prisoner has the burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* This latter phrase has been construed essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996. *Id.* In the case at bar, Casey has not shown that he is factually innocent of the crime of conviction. Instead, he wishes to use § 2241 to obtain another bite at the post-conviction apple with regard to his claim that his civil rights had been restored for two of his predicate felony convictions. This claim is not based on any new facts or law, it was decided against Casey on the merits in a previous action, and it flies directly in the face of a stipulation to the contrary whose constitutionality has never been challenged. The ex post facto argument is directed to a discussion of Michigan law that has no relevance in federal post-conviction review, *see, e.g., Norris v. Schotten,* 146 F.3d 314, 328 (6th Cir.1998), and Casey's "commerce clause" attack on 18 U.S.C. § 922(g)(1) has been rejected in the Sixth Circuit. *See, e.g., United States v. Turner,* 77 F.3d 887, 889 (6th Cir.1996). The district court thus correctly declined to consider Casey's request for § 2241 relief.

■ The court's decision to consider Casey's action as an unauthorized successive motion to vacate is likewise supported in law. "District courts should transfer cases to this court whenever prisoners seek to file a second or successive habeas petition or motion to vacate, so this court can consider granting the prisoner permission to file the second or successive application under 28 U.S.C. §§ 2244 or 2255." *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997).

■ Finally, there is no reason to grant Casey permission to file another § 2255 motion to vacate sentence. An appellate panel may not authorize the filing of a second or successive motion to vacate unless it can certify that the motion contains:

1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3). Permission to file a second or successive motion to vacate cannot be granted unless the applicant makes a prima facie showing that he is entitled to relief. *See* 28 U.S.C. § 2244(b)(3)(C).

Casey is not entitled to file another motion to vacate sentence. As noted above, the main thrust of Casey's present motion was completely considered and rejected in his initial motion to vacate sentence and remains good law. Casey can point to no new facts or Supreme Court decision in his favor, and his ex post facto and Commerce Clause arguments are not based on a new Supreme Court decision within the meaning of 28 U.S.C. § 2255 ¶ 8(2) cited above.

Accordingly, the application seeking permission to file a second or successive motion to vacate sentence is DENIED and the district court's judgment is AFFIRMED. Rule 34(j)(2)(C), Rules of the Sixth Circuit.