ORDER
Kenneth Smith filed in the district court a numerically second petition for a writ of habeas corpus that he claims is not “second or successive” within the meaning of 28 U.S.C. § 2244(b) because the claims included in the petition are newly ripe. The district court, uncertain whether the petition was “second or successive,” transferred the case to us to decide that question in the first instance. We decline to do so.
A district court has jurisdiction to consider numerically second petitions that are not “second or successive” petitions within the meaning of 28 U.S.C. § 2244(b) and needs no authorization from us to consider them when they are filed in the district court. See Stewart v. Martinez-Villareal, 523 U.S. 637, 642, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding “no need for [petitioner] to apply for authorization to file a second or successive petition” from court of appeals because petition not successive); see also Magwood v. Patterson, — U.S. -, 130 S.Ct. 2788, 2796, 2803, 177 L.Ed.2d 592 (2010) (holding district court did not err in considering merits of new petition without prior authorization because petition was not successive); Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (holding district court lacked jurisdiction to review new petition because it was successive and therefore required authorization); Panetti v. Quarterman, 551 U.S. 930, 947, 127 *810 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (holding district court properly considered merits of new petition because not successive; no prior involvement from court of appeals).
Our opinion in In re Sims, 111 F.3d 45, 47 (6th Cir.1997), which came before the Supreme Court’s long line of cases clarifying the meaning of “successive,” does not hold that district courts may transfer a numerically second petition to the court of appeals to decide in the first instance whether the petition is “successive” under § 2244(b). Indeed, that would contradict the clear language in Martinez-Villareal and subsequent cases that a district court may (and should) rule on newly ripe claims and is “not required to get authorization” from the court of appeals before doing so. 523 U.S. at 644, 118 S.Ct. 1618. Instead, Sims instructs district courts to transfer only “successive” petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright.
Here, however, the district court never ruled that Smith’s petition was successive and therefore that the district court lacked jurisdiction. Instead, the district court was “in doubt” of its jurisdiction over the petition, and because the issue was “unclear,” decided to transfer the petition to us to decide the jurisdictional question. R. 10 (Order at 4-6) (Page ID # 128-30). The district court suggested that “the Judicial Code offers a plainly available method to determine jurisdiction,” but cites only Sims. Id. at 6 (emphasis added) (Page ID # 130). We have found no rule, statute, or case that permits a lower court to transfer a case to an appellate court when it is uncertain of its jurisdiction for an advisory ruling. As discussed above, Sims offers instructions on what district courts should do after determining that a lower court lacks jurisdiction; Sims does not create a mechanism for uncertain district courts to transfer petitions to us for guidance on their jurisdiction to hear a case;
We therefore VACATE the district court’s transfer order as premature and REMAND for a determination in the first instance of whether Smith’s claims are successive within the meaning of 28 U.S.C. § 2244(b).
IT IS SO ORDERED.