NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0415n.06

No. 12-1909

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Apr 26, 2013*
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| In re: THOMAS C. OWENS, | ) ) ) ) |
| Movant. | ) ON APPEAL FROM THE ) UNITED STATES DISTRICT ) COURT FOR THE EASTERN ) DISTRICT OF MICHIGAN ) ) |

Before: MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.

PER CURIAM . Thomas C. Owens, a pro se Michigan prisoner, moves the Court, pursuant to 28 U.S.C. § 2244(b)(3)(A), for an order authorizing the district court to consider a second or successive habeas corpus petition to be filed under 28 U.S.C. § 2254. Owens has also filed a motion to remand this case to the United States District Court for the Eastern District of Michigan.

In 1982, a jury found Owens guilty of two counts of incitement of first-degree murder and two counts of conspiracy to commit first-degree murder. He also pleaded guilty to probation violations. Owens was sentenced to life imprisonment without parole for each incitement and conspiracy conviction, and his probation was revoked. The Michigan Court of Appeals reversed Owens's incitement and conspiracy convictions and remanded his case to the trial court. The Michigan Supreme Court vacated the court of appeals's decision and remanded the case to that court for reconsideration in light of then-recent Michigan Supreme Court decisions. Owens's case was ultimately remanded to the trial court, and his conspiracy convictions were reinstated. The Michigan appellate courts denied his subsequent applications for leave to appeal.

Owens filed a petition for a writ of habeas corpus in 1990. That petition was voluntarily dismissed.

Owens filed another habeas corpus petition in 1992. He raised the following grounds for relief: 1) his sentence was illegal; 2) the venue for the trial was improper; and 3) the jury array was tainted. The district court dismissed the petition and Owens did not appeal the district court's decision.

In 2012, Owens filed another habeas corpus petition, raising the following grounds for relief: 1) his sentence was constitutionally invalid; 2) "the venue for the trial was improper"; 3) the jury array violated his due process rights; and 4) the execution of his sentence violated his ex post facto rights. The district court determined that the petition was a second or successive habeas corpus petition and transferred the petition to this Court pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Owens has now filed this motion seeking permission to file a second or successive habeas corpus petition in the district court.

Owens's 1992 habeas corpus petition was filed before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). Thus, his current claims must first be evaluated "under the pre-AEDPA 'abuse of the writ' standard." *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Under the "abuse of the writ" standard, a second or successive habeas corpus petition containing a new claim was permitted only when the petitioner could "show cause for failing to raise" the claim in the prior petition "and prejudice therefrom." *Id.* (quoting *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997)). "The cause determination turns on 'whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 498 (1991)). "[T]o show prejudice, a petitioner must establish a constitutional error . . . that had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (internal quotation marks and alterations omitted). The cause and prejudice showing may be excused in extraordinary cases where

"a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey*, 499 U.S. at 494.

Owens has failed to demonstrate cause for his failure to include his ex post facto claim in his 1992 habeas corpus petition. He points to no external factor that prevented him from raising that claim in his prior habeas corpus petition, and that claim does not rest upon legal or factual bases that were previously unavailable to him. *See id.* at 497. Owens possessed "a sufficient basis" to raise all of the claims that he intends to raise now when he filed his pre-AEDPA petition because his new claim involves an alleged sentencing error. *See Cress*, 484 F.3d at 852 (quoting *McCleskey*, 499 U.S. at 498). Although Owens states that the ex post facto sentencing violations "had not occurred" when he filed the 1992 habeas corpus petition, he does not indicate when the alleged violations occurred.

Owens argues that his fourth claim challenges the execution of his sentence. A state prisoner can use § 2254 to challenge the execution of his sentence. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006). A claim raised in a numerically second habeas corpus petition would not be deemed "second or successive" to the extent that it is based on a factual predicate that arose after a first habeas corpus petition was filed. *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010). But Owens's sentence-execution claim, in the § 2254 context, is frivolous. Owens claims that "the criteria that was in place at the time [he] was charged" has changed with respect to the execution of his sentence. The criteria to which Owens refers involves the conditions of his confinement, such as alleged overcrowding, improper medical care, inadequate nutrition, deprivation of "rehabilitative opportunities and programs," and improper housing assignments. This is not the proper execution-of-sentence claim that may be pursued in a § 2254 petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Even though Owens could still obtain review of his new claim by demonstrating his actual innocence, *see McCleskey*, 499 U.S. at 494, he does not assert his actual innocence here. Therefore,

habeas corpus relief would not have been permitted under the pre-AEDPA "abuse of the writ" standard, and the AEDPA can be applied in this case.  *See In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir. 1997).

Under the AEDPA, we "may authorize the filing of a second or successive" habeas corpus petition only if the petitioner "makes a prima facie showing" that it contains a claim premised on 1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or 2) new facts that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2), (b)(3)(C).  Any claim "presented in a second or successive habeas corpus" petition that was raised in an earlier petition must be dismissed.  28 U.S.C. § 2244(b)(1).

Owens's motion does not satisfy the criteria for filing a second or successive habeas corpus petition.  The first three grounds for relief that Owens intends to assert were raised in his prior habeas corpus petition.  These claims are subject to dismissal under § 2244(b)(1).  The fourth ground for relief that Owens intends to assert was not raised in his prior habeas corpus petition.  Nevertheless, that claim may not be considered because Owens has failed to show that it relies upon a new, retroactively applicable "rule of constitutional law" or is based upon newly discovered facts that establish that "no reasonable factfinder would have found [him] guilty of" the crimes for which he was convicted.  *See* 28 U.S.C. § 2244(b)(2); *Keith v. Bobby*, 551 F.3d 555, 557 (6th Cir. 2009).

Owens has already filed one habeas corpus petition and may not file another in the absence of authorization from this Court.  *See* 28 U.S.C. § 2244(b)(3)(A).  Because Owens did not have authorization from this Court to file a second or successive habeas corpus petition, the district court properly transferred his case to this court.  *See In re Sims*, 111 F.3d at 47.  There is no basis to remand Owens's case to the district court.

We deny Owens's motions to remand and for permission to file a second or successive habeas corpus petition.