**Sero Duvall ASKEW, Petitioner–Appellant,**

v.

**Margaret BRADSHAW, Warden, Respondent–Appellee.**

No. 13–4171.

United States Court of Appeals, Sixth Circuit.

Feb. 2, 2016.

BEFORE: BOGGS and DONALD, Circuit Judges; and HOOD, District Judge.*

BOGGS, Circuit Judge.

In 2004, an Ohio grand jury indicted appellant Sero Duvall Askew on counts of possession of cocaine and trafficking in cocaine. After the trial court denied Askew's pretrial motions to suppress evidence, Askew entered a plea of no contest. The trial court sentenced Askew to a term of imprisonment of fifteen years. After Askew was denied a writ of habeas corpus in federal court, an Ohio court vacated Askew's sentence on state-law grounds,

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

conducted a de novo resentencing hearing, and again sentenced Askew to fifteen years of imprisonment. Askew then filed the instant second federal habeas application in 2012, which the district court dismissed on the ground that the petition was "second or successive" within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons given below, we disagree and remand this case to the district court for further consideration of Askew's petition.

## I

On April 26, 2004, a Stark County, Ohio, grand jury indicted Askew on three counts of trafficking in cocaine and three counts of possession of cocaine, in violation of Ohio law. Askew moved to suppress physical evidence obtained during a consent search of his girlfriend's house, as well as an inculpatory statement that he had made to officers, contending that his girlfriend's consent and his own statement were both given involuntarily. After the Ohio Court of Common Pleas denied Askew's motions, Askew entered a plea of no contest to the indictment. The court accepted Askew's plea and sentenced him to an aggregate term of fifteen years of imprisonment, suspended his driver's license for five years, and ordered him to pay a fine of $10,000. The Ohio Court of Appeals affirmed and the Supreme Court of Ohio declined to hear Askew's appeal. In 2005, the Court of Common Pleas rejected Askew's untimely petition for state postconviction relief.

In 2006, Askew turned to the federal courts for relief and filed a pro se petition for a writ of habeas corpus in the Northern District of Ohio. Askew brought two claims for relief. First, he argued that the Ohio courts should have suppressed evidence seized as a result of an illegal search of his mobile phone. Second, Askew argued that the Ohio courts had imposed a sentence in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed Askew's petition, reasoning that *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), prevented Askew from raising the first claim, and that Askew had procedurally defaulted the second. Askew did not appeal.

In 2008, Askew returned to state court, where he moved to modify his sentence and withdraw his plea of no contest. The court denied both motions. Askew appealed the court's denial of his motion to withdraw his plea. The Ohio Court of Appeals affirmed on the ground that the Court of Common Pleas lacks jurisdiction to rule on a motion to withdraw a guilty plea after an appellate court has affirmed the related conviction on direct appeal.

Askew then filed a motion to revise his sentencing journal entry on the ground that the trial court's 2004 journal entry never made a finding of guilt as to Askew's no-contest plea. Because the Ohio Supreme Court had held in *State v. Baker,* 119 Ohio St.3d 197, 893 N.E.2d 163 (2008), that a judgment of conviction is an appealable order only when the trial court "sign[s] and journalize[s]" a document that sets forth the manner of conviction, *id.* at 166, the Court of Common Pleas agreed that Askew's sentence had not been properly imposed and granted his motion. Askew subsequently argued, and the State of Ohio conceded, that Askew's sentence was entirely void because his sentencing entry did not mention the applicable conditions of post-release control, in violation of Ohio Rev.Code § 2929.19(B). The concession was based on the Ohio Supreme Court's decisions in *State v. Singleton,* 124 Ohio St.3d 173, 920 N.E.2d 958 (2009), *overruled*

by *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332 (2010), and *State v. Bezak*, 114 Ohio St.3d 94, 868 N.E.2d 961 (2007), *overruled by Fischer*, 942 N.E.2d 332.

Though the Ohio trial court could have corrected the *Baker* violation with a nunc pro tunc order amending Askew's journal entry of conviction, *see State v. Lester*, 130 Ohio St.3d 303, 958 N.E.2d 142, 144 (2011); *see also State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 301 (2010), the *Singleton* court had held that any judgment that lacked post-release conditions of control, where relevant, was a legal "nullity" if entered before July 11, 2006, *Singleton*, 920 N.E.2d at 964. To correct such a legal nullity, the *Singleton* court required "trial courts [to] conduct a de novo sentencing hearing" and enter post-release conditions of control. *Id.* at 959. Relying on *Singleton*, the Court of Common Pleas conducted a de novo resentencing hearing to correct the deficiency in Askew's judgment. The court observed that "it is undisputed that Mr. Askew's sentence is void.... [A]s a result, we place him in the same position that he would have been in had he never been sentenced...." Accordingly, the court vacated Askew's sentence, reviewed a new sentencing memorandum, and heard arguments from both parties, after which the court imposed the same sentence, driver's-license suspension, and fine as it had in 2004. The court also denied an oral motion in which Askew asked to withdraw his plea of no contest.

Askew appealed, arguing that the Court of Common Pleas should have allowed him to withdraw his plea during the resentencing proceeding. Askew also directly challenged his undisturbed conviction in three ways, arguing that the Court of Common Pleas erred in 2004 when it denied his motion to suppress evidence, accepted his plea of no contest without advising him of the correct term of post-release control, and failed to merge his convictions for trafficking in cocaine and possession of cocaine. The Ohio Court of Appeals affirmed. *State v. Askew*, No.2010CA00069, 2011 WL 578762, at *2 (Ohio Ct.App. Feb. 14, 2011). For the second time, the court explained that in Ohio, "the trial court is without jurisdiction to vacate Appellant's plea after this Court has affirmed his conviction." *Id.* at *1. Relying in part on the then-recent decision of the Ohio Supreme Court in *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332 (2010), the court observed that Ohio law does not permit defendants resentenced pursuant to *Singleton* to have another opportunity to challenge their undisturbed convictions. *Askew*, 2011 WL 578762, at *1–2. The court explained that because Askew's remaining "assignments of error were or could have been raised in his initial appeal to this Court," he could not raise them again in his appeal from resentencing. *Id.* at *1. The Supreme Court of Ohio denied leave to appeal. *State v. Askew*, 129 Ohio St.3d 1478, 953 N.E.2d 843 (2011) (table); *State v. Askew*, 129 Ohio St.3d 1451, 951 N.E.2d 1047 (2011) (table).

Askew then filed his second federal habeas petition in the Northern District of Ohio, asserting three grounds for relief. First, Askew argued that the Ohio courts denied him due process of law in his resentencing hearing and appeal by refusing to allow him to withdraw his plea of no contest and by refusing to consider any of his arguments that "were or could have been raised in his initial appeal to" the Ohio Court of Appeals. Second, Askew argued that appellate counsel was ineffective in his direct appeal from resentencing because appellate counsel did not argue that Askew's trial counsel was ineffective in the initial proceedings in 2004, allegedly because of trial counsel's failure to argue that a warrantless search of Askew's mo-

bile device violated the Fourth Amendment. Third, Askew argued that appellate counsel in his direct appeal from resentencing was ineffective for having failed to raise the trial court's failure in 2004 to inform him of the maximum sentence that he faced before he pleaded no contest.

In his Report and Recommendation, the magistrate judge interpreted Askew's petition as presenting a question explicitly left open by the Supreme Court in *Magwood v. Patterson,* 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). In *Magwood,* the Supreme Court held that a petitioner's second-in-time habeas petition that was the first to challenge a new sentence was not "second or successive" within the meaning of AEDPA. *Id.* at 323–24, 130 S.Ct. 2788. The magistrate judge observed that unlike Billy Joe Magwood, whose petition challenged only his new sentence, *see id.* at 339, 130 S.Ct. 2788, Askew effectively sought to use his second-in-time petition to attack his undisturbed conviction. With Sixth Circuit precedent on the issue lacking, the magistrate judge followed the analysis of the Seventh Circuit in *Suggs v. United States,* 705 F.3d 279 (7th Cir.2013), in which that court held that allowing a petitioner two full opportu-nities to attack the same undisturbed conviction without showing cause or a fundamental miscarriage of justice would run afoul of pre-AEDPA abuse-of-the-writ doctrine, as well as the principles of "comity, finality, and federalism" that AEDPA sought to further. *Id.* at 285 (quoting *Duncan v. Walker,* 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)). Because AEDPA prohibits district courts from considering "second or successive" petitions without prior authorization from the courts of appeals, *see* 28 U.S.C. § 2244(b)(3)(A), the magistrate judge proposed dismissing Askew's petition. The district court agreed, adopted the magistrate judge's Report and Recommendation, and dismissed Askew's petition.[1]

This court then granted Askew a certificate of appealability to determine whether Askew's petition is "second or successive" within the meaning of AEDPA. *Askew v. Bradshaw,* No. 13–4171, slip op. at 2–3 (6th Cir. Apr. 28, 2014) (order). We now hold that it is not.

## II

After reviewing de novo the question of whether Askew's petition is "second or

---

1. In *In re Sims,* 111 F.3d 45 (6th Cir.1997) (per curiam), this court held that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Id.* at 47. Although the district court's decision to dismiss Askew's application instead of transferring it to this court does not affect our reasoning or holding in this case, we note that we have not retreated from our holding in *Sims. See Albo v. United States,* 498 Fed.Appx. 490, 495 (6th Cir.2012); *In re Smith,* 690 F.3d 809, 810 (6th Cir.2012) (order). The district court dismissed Askew's petition on the ground that the *Magwood* Court implicitly overruled *Sims* when it held that "if Magwood's application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals." *Magwood,* 561 U.S. at 331, 130 S.Ct. 2788. Although the district court's conclusion that our holding in *Sims* is inconsistent with *Magwood* is understandable, we recently reaffirmed the validity of the *Sims* rule in *King v. Morgan,* 807 F.3d 154 (6th Cir.2015). *See id.* at 158. *Magwood* originated in the Eleventh Circuit, which has not adopted our rule of requiring district courts to transfer "second or successive" petitions to the Court of Appeals. *See Guenther v. Holt,* 173 F.3d 1328, 1330–31 (11th Cir.1999). Because the *Magwood* Court did not have occasion to consider *Sims,* we see no reason that our rule should not continue to apply.

successive" within the meaning of AEDPA, see *Lang v. United States,* 474 F.3d 348, 351 (6th Cir.2007), we conclude that in light of *Magwood* and a recent decision of this court, *King v. Morgan,* 807 F.3d 154 (6th Cir.2015), the district court should not have dismissed Askew's petition on the ground that it was "second or successive." Because the errors he alleges relate to a new judgment, the district court should have considered the petition as if it was Askew's first. We proceed by reviewing *Magwood* and *King* before explaining why both decisions apply to Askew's petition.

### A

28 U.S.C. § 2244 sets two limits on when and how a habeas petitioner may bring a "second or successive" habeas corpus application. First, a petitioner seeking to bring a "second or successive" application must obtain authorization from the appropriate court of appeals for an order authorizing the petitioner to proceed with his application in the district court. *Id.* § 2244(b)(3)(A). When a petitioner ignores this provision and files a "second or successive" application in the district court without authorization, the district court lacks jurisdiction to hear the petitioner's claims. *Burton v. Stewart,* 549 U.S. 147, 149, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (per curiam). Second, AEDPA limits substantive review of claims raised in "second or successive" petitions: The law directs courts to dismiss any claim presented in a "second or successive" habeas corpus application that the petitioner already presented in a prior application. 28 U.S.C. § 2244(b)(1). AEDPA also requires courts to dismiss new claims in "second or successive" applications unless one or both of two exceptions not operative here applies. *See id.* § 2244(b)(2).

AEDPA does not define the term "second or successive." *See, e.g., Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (characterizing "second or successive" as a "term of art"). In a series of cases interpreting AEDPA, the Supreme Court made clear that "second or successive" does not mean "all § 2254 applications filed second or successively in time." *Panetti v. Quarterman,* 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). Rather, the Court has interpreted the phrase in light of its own decisional law, including pre-AEDPA abuse-of-the-writ principles that asked whether a petitioner already had a full and fair opportunity to raise the relevant claim in the district court. *See In re Bowen,* 436 F.3d 699, 704 (6th Cir.2006) ("[C]ourts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA.... Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect.").

In *Magwood,* however, the Court clarified that the text of AEDPA requires courts to interpret "the phrase 'second or successive' ... with respect to the judgment challenged." *Magwood,* 561 U.S. at 333, 130 S.Ct. 2788. *Magwood* requires a two-stage inquiry: A district court faced with the question of whether a habeas application is "second or successive" must first ask whether the petitioner is challenging the same state-court judgment that he did in an earlier habeas application. *Id.* at 337, 130 S.Ct. 2788 (emphasizing the need to "distinguish between § 2244(b)'s *threshold inquiry* into whether an application is 'second or successive,' and its *subsequent inquiry* into whether claims in a successive application must be dismissed" (emphasis added)). This question is answered on the sole basis of whether

the state court entered a new "judgment," without reference to the claim-focused principles adopted by the Court's post-AEDPA decisions. *See id.* at 336, 130 S.Ct. 2788 (rejecting proposition that "abuse-of-the-writ rules, as modified by AEDPA under § 2244(b)(2), apply ... to an application challenging a new judgment").

If the petitioner is not challenging the same state-court judgment that he did in an earlier habeas application, the application is not "second or successive" and the restrictions imposed by 28 U.S.C. § 2244(b) do not apply. *Magwood,* 561 U.S. at 342, 130 S.Ct. 2788. By contrast, if the petitioner is challenging the same state-court judgment that he already challenged or could have challenged in a previous federal habeas application, the district court must consult abuse-of-the-writ principles, as modified by AEDPA, to ascertain whether or not the petitioner's claims must meet the stringent requirements of 28 U.S.C. § 2244(b). *See Magwood,* 561 U.S. at 335 n. 11, 130 S.Ct. 2788 (explaining that *Magwood* does not abrogate the application of abuse-of-the-writ principles to second-in-time petitions attacking the *same* judgment); *see also id.* at 343, 130 S.Ct. 2788 (Breyer, J., concurring in part and concurring in the judgment) ("[I]f Magwood were challenging an undisturbed state-court judgment for the *second* time, abuse-of-the-writ principles would apply, including *Panetti's* holding that an 'application' containing a 'claim' that 'the petitioner had no fair opportunity to raise' in his first habeas petition is not a 'second or successive' application." (emphasis added)).

Applying the above-described framework, the *Magwood* Court held that Billy Joe Magwood's second-in-time habeas application, which attacked a new sentence that Alabama courts had imposed as a direct consequence of Magwood's first-in-

time habeas application, was not "second or successive." *Id.* at 342, 130 S.Ct. 2788 (majority opinion). This was true even though one of Magwood's claims was identical to a claim that he had raised in his first habeas application. *Id.* at 327–28, 130 S.Ct. 2788; *see also id.* at 339, 130 S.Ct. 2788 ("This is Magwood's *first* application challenging [an] intervening judgment. The errors he alleges are *new....* An error made a second time is still a new error."). Accordingly, *Magwood* dictates that if Askew's second-in-time habeas petition challenges a new sentence that created a new judgment, Askew's petition is not "second or successive" within the meaning of AEDPA.

### B

In her appellate brief, the Warden urges that *Magwood* does not apply to Askew's case because, in the Warden's view, "Askew's grounds for relief were challenges to his conviction rather than his resentencing." Appellee Br. 25. The *Magwood* Court explicitly left open the question of whether a habeas petitioner may challenge his undisturbed conviction through a second-in-time habeas application that follows a resentencing proceeding without having to overcome 28 U.S.C. § 2244(b)'s restrictions. *Magwood,* 561 U.S. at 342, 130 S.Ct. 2788. In the meantime, this court has answered that question in the affirmative in *King,* which we decided while Askew's appeal was pending.

*King* involved an Ohio prisoner, DeLawrence King, whose first federal habeas corpus application was denied in 2006. *King,* 807 F.3d at 156. After this court denied King a certificate of appealability, he asked the Ohio Court of Common Pleas to vacate his sentence because the sentencing court had not advised him of the post-release conditions of control that accompanied his conviction. *Ibid.* The court resen-

tenced King to a longer term of imprisonment than he had originally received, and the Ohio Court of Appeals affirmed. *State v. King*, No. 10CA009755, 2010 WL 3619914, at *9 (Ohio Ct.App. Sept. 20, 2010). King failed to file a timely appeal to the Ohio Supreme Court, which denied his motion for a delayed appeal. King then brought a second federal habeas application challenging his undisturbed conviction and argued that *Magwood*'s judgment-based approach required the district court to consider his application, which was the first to follow his resentencing proceedings, as a first-in-time petition. *See King*, 807 F.3d at 156. The district court disagreed and dismissed King's petition as "second or successive." *Ibid.*

On appeal, this court reversed. Following the Second, Third, Ninth, and Eleventh Circuits, *see In re Brown*, 594 Fed. Appx. 726, 729 (3d Cir.2014) (per curiam); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir.2014) (per curiam); *Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir.2012); *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir.2010), we explained that because "a judgment in a criminal case 'includes both the adjudication of guilt and the sentence[,]' ... the existence of a new judgment permits a new application to attack the sentence, the conviction, or both." *King*, 807 F.3d at 157–58 (quoting *Deal v. United States*, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993)). Accordingly, if Askew's second-in-time application follows a new "judgment," his application is not "second or successive" irrespective of whether Askew challenges his new sentence (as Askew argues) or his undisturbed conviction (as the Warden argues and the district court found).

### C

Although our opinion in *King* eliminated the distinction between second-in-time ha-

beas applications that challenge a new sentence and those that challenge an underlying conviction, we did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new "judgment" within the meaning of *Magwood.* Indeed, in *In re Mackey*, No. 133072 (6th Cir. June 26, 2014), we held in an unpublished order that an Ohio court's reopening of a petitioner's sentence merely to enter post-release conditions of control was a simple "correct[ion] [of] a technical error" that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b). *Mackey*, No. 13–3072, slip op. at 6; *see also In re Lampton*, 667 F.3d 585, 589–90 (5th Cir.2012).

The Warden argues that Askew's resentencing proceeding, as in *Mackey*, did not create a new "judgment" that "trigger[s] the operation of *Magwood*" and *King. Lampton*, 667 F.3d at 589. The Warden explains that in *Fischer*, which the Ohio Supreme Court decided after Askew's resentencing proceeding but before the Ohio Court of Appeals decided his appeal from resentencing, the Ohio Supreme Court impliedly overruled *Singleton* and *Bezak* and held that "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended." *Fischer*, 942 N.E.2d at 341. The Warden contends that Ohio courts have since interpreted *Fischer* as forbidding trial courts from reconsidering other parts of a defendant's sentence when amending a judgment entry to include or correct post-release conditions of control. *See, e.g., State v. Watson*, No. 25401, 2011 WL 3689168, at *1 (Ohio Ct.App. Aug. 24, 2011). Because Ohio law allows new rules

of law to apply to all cases in which review is pending, *see Ali v. State*, 104 Ohio St.3d 328, 819 N.E.2d 687, 688 (2004) (per curiam), in the wake of *Fischer*, state appellate courts vacated judgments in a number of cases in which the Court of Common Pleas had conducted a de novo resentencing hearing pursuant to *Singleton* prior to the *Fischer* decision. *See, e.g., State v. Ewers*, No.2011–CAA–050040, 2011 WL 6400247, at *2–3 (Ohio Ct.App. Dec. 15, 2011); *State v. Cool*, Nos. 25135, 25214, 2011 WL 1197636, at *2 (Ohio Ct.App. Mar. 31, 2011). Drawing on these cases, the Warden argues that because Askew's case was pending when *Fischer* was decided, Askew's original sentence effectively remained intact as a matter of state law and his 2010 resentencing proceeding did no more than correct a "technical error," which could not create a new "judgment" within the meaning of *Magwood*. *See* Appellee Br. 18–25; *see also Lampton*, 667 F.3d at 589–90.

We need not revisit the question of whether an order entering conditions of post-release control, without more, creates a new judgment that is capable of resetting the "second or successive" count because the resentencing proceeding in Askew's case went well beyond such a minor amendment: The Ohio Court of Appeals affirmed in full the judgment of the Court of Common Pleas after that court vacated Askew's sentence, conducted a de novo sentencing hearing, and entered a new sentence. Unlike other post-*Fischer* appeals involving defendants resentenced pursuant to *Singleton* before *Fischer* was decided, in which state appellate courts vacated trial-court judgments that purported to impose entirely new sentences, the Ohio Court of Appeals never held or implied that the trial court's de novo resentencing hearing in Askew's case was void, or that the imposition of a new sentence in the case was inconsistent with

*Fischer.* On the contrary, the Ohio Court of Appeals affirmed the judgment of the Court of Common Pleas without qualification. *Compare Askew*, 2011 WL 578762, at *2 ("The judgment of the Stark County Court of Common Pleas is affirmed."), *with, e.g., Watson*, 2011 WL 3689168, at *1 ("Because the trial court lacked the jurisdiction to address anything other than post-release control, we must vacate the portions of the trial court's April 19, 2010 journal entry that do not relate to the proper imposition of post-release control.").

Though the Warden correctly points out that the Ohio Court of Appeals mentioned *Fischer* in the course of its opinion dismissing Askew's assignments of error, the court did not do so to explain the then-novel proposition that the trial court could not vacate a defendant's sentence when entering conditions of post-release control. On the contrary, the court cited *Fischer* as "validat[ion]" of its own pre-*Fischer* holding that "resentencings do not allow a defendant to challenge anew his *conviction* [*s*] as such is barred under the principles of law of the case and/or res judicata." *Askew*, 2011 WL 578762, at *2 (emphasis added). Accordingly, the reopening of Askew's sentence resulted not in a minor or technical amendment, but rather in the imposition of an entirely new sentence, just as in *King*.

In this case, the Ohio Court of Common Pleas's decisions to vacate Askew's sentence, conduct a de novo sentencing hearing, and resentence Askew, all of which were affirmed on appeal, created a new judgment within the meaning of *Magwood*. Because *Magwood* and *King* provide that the first timely federal habeas application that attacks a new judgment is not "second or successive" for purposes of AEDPA, the district court erred when it dismissed Askew's petition—which was the first to fol-

low his new judgment—on the basis that it was "second or successive."

### III

This case is not one in which the Court of Common Pleas amended a judgment merely to add conditions of post-release control. Nor does Askew's petition present a situation in which the Ohio Court of Appeals invalidated a trial court's imposition of a new sentence pursuant to *Singleton* on the ground that imposing a new sentence is inconsistent with *Fischer*. Whether or not a limited amendment creates a new "judgment" within the meaning of *Magwood* is thus a question for another day. Based on the facts of this case, we hold only that Askew's petition is not "second or successive."

Because the Ohio Court of Appeals affirmed in full Askew's new sentence, which the Court of Common Pleas imposed after vacating Askew's first sentence, reviewing a new sentencing memorandum, and conducting a de novo resentencing hearing, Askew's instant petition challenges a new judgment. And because *Magwood* and *King* dictate that a habeas petitioner's second-in-time application is not "second or successive" if it challenges a new judgment, the district court had jurisdiction to consider Askew's application. Accordingly, we REVERSE the district court's dismissal of Askew's petition and REMAND this case to the district court for further consideration.